MESSER *et al. v.* AMERICAN MUT. LIABILITY INS. CO.

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

Petition to Rehear denied August 31, 1951.

W. WRIGHT MITCHELL and JOHN W. HARRIS, both of Memphis, for appellants.

20

ALBERT G. RILEY and RILEY, WALKER & PRITCHARD, all of Memphis, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This was a suit brought by complainant Messer against the insurance company to recover on an insurance policy, the material clause of which provides as follows:

"Definition of 'Insured'

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

The defendant insurance company filed its demurrer to the original bill, which was sustained by the Chancellor

and the bill dismissed. The question presented is, where the owner of an automobile gives permission to her eighteen year old son to drive the automobile, and against the instructions of the owner, this son leaves the car, turns the car over to a friend who has a collision with another car, can the injured party maintain a suit in equity on a policy of insurance carried by the owner of the car, which policy has the above provision?

It appears that both the son and his friend were in an intoxicated condition at the time the son turned over the car to the friend and also at the time of the collision. The complainant frankly states in his brief that he has never and does not now contend that Kaisi, the driver of Mrs. Reid's car, was an additional assured within the meaning of the insuring clause of her policy here sued on. The brief further recites that this question was settled by *American Automobile Insurance Co.* v. *Jones*, 163 Tenn. 605, 45 S. W. (2d) 52. The brief further states: ''In other words, we are not urging that the secondary permittee (Kaisi) was an additional assured but do respectfully contend that the primary permittee, Reid, the unsuccessful defendant, in the damage suit who had secured express permission from his mother to use the car that fatal evening was an additional assured. The terms 'primary permittee' and 'secondary permittee', we note, are used generally in the books to distinguish between the first borrower of the vehicle in question and the one who later borrows from him.''

It is further insisted that where Mrs. Reid had given her son permission to use and drive the car and the son turns the car over to a third party, they can recover on the theory of negligence.

The provisions of the standard insurance policy here involved have been before our courts in several

cases. We have held that the provision "Provided the actual use of the automobile is with the permission of a named insured" means the use to which the vehicle is being put at the time of the accident with the permission of the named insured. *American Automobile Insurance Co.* v. *Jones,* supra; *Hubbard* v. *United States Fidelity & Guaranty Co.,* 192 Tenn. 210, 240 S. W. (2d) 245; *Romines* v. *The Preferred Accident Ins. Co. of N. Y.* (opinion Nov. 26, 1932, unreported).

We have also held that actual use of the insured automobile must be with the permission of the named insured. *Card* v. *Commercial Casualty Ins. Co.,* 20 Tenn. App. 132, 136, 95 S. W. (2d) 1281; *Hunter* v. *Western & Southern Indemnity Co.,* 19 Tenn. App. 589, 92 S. W. (2d) 878; *Hubbard v. United States Fidelity & Guaranty Co.,* supra.

In *American Automobile Insurance Company* v. *Jones,* supra, Wilkes, a salesman, invited Jones to ride. Thrice, a stranger to the company, was driving. Wilkes and Jones were riding in the car. This misuse was expressly prohibited, as it was against the instructions of this salesman for him to let any one drive the car. The policy provided that the insurance was available to any person while riding in or legally operating the car but only while it was being used for the purposes specified. The defense was that the car was being used in a manner not only unauthorized by the owner but contrary to his positive instructions.

The Court discussed and distinguished the case of *Stovall* v. *New York Indemnity Co.,* 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1368. It pointed out the language of the Stovall policy "providing such use or operation is with the permission of the named assured." [163 Tenn. 605, 45 S. W. (2d) 53.] The Court held that

the driving by Thrice was a material departure, not only in place and purpose, but in use.

The holding was as follows:

"Delivered to Wilkes for his use does not imply consent to use—in the essential sense of operation, handling, driving by some unknown and unapproved third person. In one sense, it is true, it continued to be devoted to the use of Wilkes, but it was not he who was using it in the sense of controlling, manipulating, guiding it—and a restriction on its use in this sense would appear to be. called for by the nature of the obligation created by the indemnity contract. The element of risk underlies all forms of insurance. The insurer has a right to assume that the risk he undertakes shall not be enlarged. . . .

"But a change of driving, operating control, injects a distinctly new element.

"Consistently with this construction, in the instant case the stipulation shows that this particular misuse was expressly prohibited; that it was against the instructions of this salesman 'for him to permit any one to drive the car.' We are unable to extend the required consent by implication to cover as 'additional assured' one who has, without authority of the owner, substituted for himself, a third party, conferring on him the uncontrolled power to inflict the injury and create the liability."

It is to be noted that Wilkes was riding in the car and in the present case, the son, Don Reid, was not.

In *Card* v.. *Commercial Casualty Ins. Co.*, supra, the provision of the policy was that the insurance was available "to any person while riding in or legally operating the automobile provided such use or operation is with the permission of the named insured." Insured, Ogilvie, was an individual engaged in the lumber and coal business.

Rollin Lasseter was manager. Ogilvie permitted Lasseter to use the car as he wished for business or pleasure and Lasseter testified that Ogilvie turned the car over to him ·saying: ''Here is a car to be used by you, use it just as if it were your own. [20 Tenn. App. 136, 95 S. W. 2d 1282.]'' Rollin Lasseter instructed his brother, Robert Lasseter, who made his home with Rollin, to drive Card home in the automobile and on the way Card was killed. The administratrix insisted that Robert Lasseter was legally operating the automobile, was an additional insured, had the implied permission of Ogilvie to drive this car and that Rollin Lasseter had full power to permit him to use this car and gave him such permission.

It was held that it was not shown that Ogilvie ever gave permission to Robert Lasseter to use the car or ever knew that he had driven it. It was held that Rollin Lasseter was the additional assured and his permission to another to drive the car would be beyond the policy; that the fact that the automobile was delivered to him for his use did not imply that he could allow an unknown and unapproved third person to drive it. This case also held that this discretionary power cannot be delegated to another.

Again, referring to *Card* v. *Commercial Casualty Ins. Co.,* supra, it is said, 20 Tenn. App. at page 138, 95 S. W. (2d) at page 1284: ''The cases hold that where the named assured permits the car to be used by another, this does not authorize that person to select another driver and bring the third party within the coverage of the additional assured clause. *American Auto* [*mobile*] *Ins. Co.* v. *Jones,* supra; *Trotter* v. *Union Indemnity Co.* (D.C.), 33 F. (2d) 363; Id., 9 Cir., 35 F. (2d) 104; *Johnson* v. *O'Lalor,* 279 Mass. 10, 180 N. E. 525.''

The appellant relies on the case of *Brown* v. *Kennedy,* 141 Ohio St. 457, 48 N. E. (2d) 857. In that case the court held that where this additional insurance clause was in the policy and the owner of the car gave his daughter permission to drive it and she permitted another to drive the car while she was an occupant did not prevent a recovery on the policy. At page 860 of 48 N. E. (2d) the court said: "The fact that Bennett White was driving the car without the knowledge or consent of the named insured does not change the fact that Dorothy was using the automobile at the time of the accident for the purpose of transportation between her home and Wilmington College. (See finding nine, supra.) Had the evidence disclosed that Bennett White was driving alone on some mission of his own, a different situation would be presented. The only question here is whether Dorothy Kennedy was using the automobile with permission of her father, the named insured. That question was settled by the trial court's finding of fact."

In the present case, Kaisi, a person wholly unauthorized to drive the car by Mrs. Reid, was driving the car when the accident happened. Her son Don was not even in the car. Certainly there can be no liability on the policy in this jurisdiction.

As to the question of the son being intoxicated and turning the car over to Kaisi, who was also under the influence of liquor, this does not change the situation. We would have a different question if Mrs. Reid, the owner of the car, had turned it over to some person to drive when that person was intoxicated at the time.

It results that all the assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.