WYOMING FARM BUREAU MUTUAL IN-
SURANCE COMPANY, Inc., Appel-
lant (Defendant below),

v.

Claude MAY, Jr., Appellee (Plaintiff below),
and
Allied Mutual Insurance Company, Appellee
(Defendant below),
and
Ronald William Stevenson, Appellee
(Defendant below).

No. 3570.

Supreme Court of Wyoming.

Dec. 1, 1967.

John E. Stanfield, of Smith & Stanfield, Laramie, for appellant.

George J. Millett, of Pence & Millett, Laramie, for appellee Allied Mut. Ins. Co.

Robert W. Costin, Laramie, for appellees, Claude May, Jr., and Ronald William Stevenson.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Ronald William Stevenson, being engaged in the business of his employer Claude May, was involved in a collision while operating a dump truck which belonged to Larry C. Johnson.

At the time of this collision, Johnson owned an insurance policy issued by Allied Mutual Insurance Company which provided Johnson with liability coverage on his dump truck, and May owned two insurance policies issued by Wyoming Farm Bureau Mutual Insurance Company, Inc., both of which related to family vehicles belonging to May and his wife.

The portion of Johnson's Allied policy under which appellant seeks to base its claim that May and Stevenson were within its coverage (sometimes referred to as the omnibus clause) is as follows:

"Definition of insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured, * * * his spouse, * * * and also includes any person while using the automobile * * * provided the *actual* use of the automobile is *by the named insured or such spouse or*

*with the permission of either."* (Emphasis supplied.)

By its declaratory judgment, the court, after finding the Johnson dump truck when involved in the collision was being driven by Stevenson as an employee of May, also found, in substance, that on the morning of the day of the collision May requested Johnson's permission to use his dump truck, stating he, May, would drive the truck; that Johnson granted May's request saying, "If you are going to drive it it is okay"; that as a result of that conversation there was an understanding that only May would drive the truck, that permission being conditioned upon the truck being operated by May personally; that May had permitted Stevenson to drive the truck when the collision occurred; that the use made of Johnson's truck at the time of the collision was beyond the scope of the permission given May by Johnson and was a violation of that permission; that the use and operation of the Johnson truck was not done with either the express or implied permission of Johnson; that at the time of the accident Stevenson was driving the Johnson dump truck as an employee of May and acting within the scope of his employment; and that at the time of collision May had in force the Farm Bureau policy, and the Johnson dump truck operated by Stevenson, as an employee and servant of May, was an "insured automobile" under the terms of May's Farm Bureau policy.

The purport of the court's conclusions of law was that the use and operation of the dump truck at the time of the accident were not with the express or implied permission of its owner Johnson; that Johnson's Allied policy does not provide coverage for either May or Stevenson; and that the Farm Bureau Insurance Company is liable to May to pay all judgments, defend court actions arising out of the accident, and for other conditions expressed in the policy to the amount of $100,000.

After these findings and conclusions were entered and its motion for new trial denied, the Wyoming Farm Bureau Mutual Insurance Company appealed to this court, contending, as we understand it:

(1) Allied is liable under its policy insuring Johnson since his dump truck at the time of the accident was being used either with Johnson's express or implied permission;

(2) This court is not bound by the trial court's findings as to questions of mixed law and fact or legal conclusions;

(3) An interpretation that Johnson's permission to May did not extend Allied's liability so as to insure May and Stevenson under the policy's "omnibus" clause, is opposed to public policy as increasing the danger of uninsured drivers;

(4) Stevenson was operating the truck with the implied permission of Johnson; and

(5) The exclusion of what is named as SR 21 form and a memorandum from Allied's local agent to her principal was error.

Appellant's first point requires a discussion of the nature and extent of the permission given May to use and operate the Johnson truck.

Although the court found Johnson gave May only a qualified or restricted permission to use the dump truck, under circumstances somewhat analogous to those here present, different courts have taken varying views as to the uses or operation allowed. Some have held the permission to be restricted and limited to the exact use and operation specified by the owner. A second group takes the position that there may be moderate or minor deviation from the permission given. A third group holds that irrespective of limitations or restrictions, all uses and operations are authorized. See Annotation, 4 A.L.R.3d 30, 31, together with supporting authorities thereinafter cited.

In connection with discussions of the question, and in addition to the foregoing generalization, some courts have taken into consideration the relationship of the parties. See State Farm Mutual Auto. Ins. Co. v. Williamson (1964) 9 Cir., 331 F.2d 517, and Teague v. Tate, 213 Tenn. 269, 375 S.W.

2d 840, and in others, questions of benefit to the permittee have weighted the decision. However, appellant does not cite and we fail to find any authority holding that such latter circumstances have been considered where the restrictive permission was granted merely as an accommodation rather than pursuant to a contract or lease with consideration moving from the permittee to the owner.

Appellant says there was testimony that whenever May needed the truck during a period of over approximately three months preceding the accident, he used it, and the truck was available for his use during that period; that there was extensive use of the truck by others and an utter lack of any specific prohibition as to use by others; that there were very informal arrangements as to use of the truck prior to the accident; that Johnson showed little concern over the use of the truck prior to that time (the accident); that Johnson paid only $175 for the truck one and one-half years before the accident; that Johnson used the truck "very little" and never used it for his own purposes during the entire summer of 1965 up to the date of the accident; that Johnson had no place to store the truck except on the street and did not like to have it on the street, and, as a consequence, he parked it on a vacant lot or at houses of his friends or on a May construction job; that Johnson knew anyone could use the truck without specific permission, since no key was necessary to turn the ignition on and off; that, except when Johnson was present, he did not know what use was being made of his truck; that from April 1965, to date of accident Johnson knew the truck was used in connection with May Construction Company business by May, Stevenson, Clyde, and Donahue; that Johnson never refused May permission to use the truck; that Johnson let Stevenson drive another vehicle on one occasion in connection with May Construction Company business; and that Johnson worked with May and they were quite good friends.

Although appellant says the record contains testimony to the above effect, this is not entirely correct. But, even if these representations were accurate, such evidence fall far short of implying a permission to May under which he could himself give permission to another to drive the truck when Johnson expressly limited the loan to May upon the condition that May drive it. Neither would such evidence present a conflict with Johnson's testimony that, "I said that you [May] can use it if you will drive it. He [May] implied [replied] to me by saying, 'I am going to be driving it.' And I said, 'If you are going to drive it it is okay.' "

The permission granted May was even more restrictive and exact than had Johnson merely told May he might borrow the truck but not to let anyone else drive it. Johnson's permission was expressly conditioned upon and limited to May's driving the truck. Consequently no implied permission that May might otherwise use or have the truck driven by any other person than himself was given.

As a matter of fact, the very circumstances the appellant relies upon as implying a permission to May to grant another the authority to drive the truck, by any reasonable and fair inference, were possibly responsible for Johnson's limiting May's authority to use the truck only if May was driving it.

Appellant's contention that Johnson had, by implication, given permission to Stevenson to drive the truck is consequently overruled.

The view we take, although somewhat different from that of some courts, is in accord with a host of decisions of federal and state courts. Young v. State Farm Mutual Automobile Insurance Co., D.C., 144 F.Supp. 216; Royal Indemnity Company v. Clingan, D.C., 238 F.Supp. 448; Standard Accident Insurance Company v. New Amsterdam Cas. Co., 7 Cir., 249 F.2d 847; Aetna Casualty & Surety Co. v. De Maison, 3 Cir., 213 F.2d 826; General Casualty Company of America v. Woodby, 6 Cir.,

238 F.2d 452; Card v. Commercial Casualty Ins. Co., 20 Tenn.App. 132, 95 S.W.2d 1281; Messer v. American Mut. Liability Ins. Co., 193 Tenn. 19, 241 S.W.2d 856; Butterfield v. Western Casualty & Surety Co., 83 Idaho 79, 357 P.2d 944; Howell v. Accident & Casualty Ins. Co. of Winterthur, 32 Tenn. App. 83, 221 S.W.2d 901; Hays v. Country Mutual Insurance Company, 28 Ill.2d 601, 192 N.E.2d 855.

Appellant next says this court is not bound by the lower court's findings as to questions of mixed law and fact or legal conclusions. We are not prepared to accept this all-inclusive general statement, although Tovrea Land and Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47, which is cited does hold that in a *jury* case where the question is not the truth or the weight of the evidence, the appellate court might ignore the trial court's findings and substitute its own analysis.

In the case before us, we fail to find any conflict as to what was said by Johnson in giving May permission to *drive* the truck. May testified only that when he asked permission to use the truck Johnson said, " 'yes' " and " 'Go ahead and use it. I will not be in town' "; and his testimony on deposition was contrary to the testimony he was then giving; that following his conversation with Johnson, he, May, drove the truck on July 26, the day of the accident, and he told Stevenson to drive the pickup and that he could not say "yes" or "no" as to whether he had told Johnson he personally would drive the truck and could not recall the exact words that were used on July 26, the day of the accident, when he *asked* permission to use the truck. This evidence did not contradict or conflict with Johnson's positive testimony as to the exact conversation that took place when he granted May permission to have the truck *if May would drive it.* Under these circumstances, there being no conflict in the evidence on this important point, the court could not properly have made any other finding than that the express permission was granted in the conversation and words as testified by Johnson.

In 5 Am.Jur.2d, Appeal and Error, § 845, pp. 288, 289, that text points out that where findings based on undisputed facts or nonconflicting evidence are made, they may be treated as legal conclusions and reviewable, and that where such evidence admits of only one conclusion, a contrary conclusion cannot stand. But where the finding of the ultimate fact by the trial court is not inconsistent with the evidentiary facts it will not be disturbed upon appeal. Christmas v. Cowden, 44 N.M. 517, 105 P.2d 484; Deatsch v. Fairfield, 27 Ariz. 387, 233 P. 887, 38 A.L.R. 651; In re Kelley's Estate, 177 Minn. 311, 225 N.W. 156, 67 A.L.R. 1268.

While it has been said it is not always easy to draw the line between questions of law and fact, and there is a "shadow area" between where they coalesce (5 Am. Jur.2d, Appeal and Error, § 829, pp. 270, 271), where the evidence is strong as in the present case, the reviewing court has considerable discretion. Thuringer v. Trafton, 58 Colo. 250, 144 P. 866; Ortega v. Koury, 55 N.M. 142, 227 P.2d 941. This is such a case, and the evidence being that there was a definite and unmistakable limitation upon both the use and operation of the truck, the trial court's findings of fact in this regard were justified, and its legal conclusions based thereon were supported by convincing evidence and entirely sound and proper.

Appellant's contention to the contrary is overruled.

Appellant's suggestion that an interpretation that Allied's policy did not insure May and Stevenson is opposed to public policy as increasing the danger of uninsured drivers is unsound. Granting that the need for better regulation of use of highways is a meritorious and even a necessary objective, to argue that liability coverage of one person should be extended to cover another simply because it is desirable that all drivers of motor vehicles should be covered, is whimsical and unsupported

either in reason or by law. This contention is without merit.

The fourth ground upon which appellant bases its appeal is sufficiently disposed of by our discussion relative to the first ground.

The contention is also made that something referred to as SR 21 and a memorandum from Allied's local agent to her principal relative to financial responsibility was improperly excluded from the evidence when offered by appellant. Insofar as SR 21 is concerned, all we find in the record identified as such is what is referred to and marked as "Defendant's Exhibit (Farm Bureau) A." It consists of a printed instrument with none of its blank spaces filled in. It is therefore almost meaningless to us. Upon it are indicated questions which, as far as we can ascertain, are not required by any law to be asked or answered. However, from appellant's argument we gather that this instrument constituted some kind of waiver on Allied's part of its right to question appellant's claim that Johnson's policy covered May and Stevenson.

Appellant apparently misconceives the intendment of our motor vehicle laws respecting proof of financial responsibility. Section 31-302, W.S.1957, provides that when the superintendent or motor vehicle division receives record of conviction or forfeiture of bail of any person and shall suspend or revoke the driver's license of such person, the superintendent or motor vehicle division shall also suspend the registration of all motor vehicles registered in the name of such person, i. e., the person convicted or who has forfeited bail. This section does not apply to or affect the registration of motor vehicles of any person other than a person whose driver's license is thus suspended or revoked. It also provides that the registration of motor vehicles shall not be suspended if proof of financial responsibility of such person (the person whose driver's license is thus suspended or revoked) is given. It is therefore clear that by virtue of this statute proof of financial responsibility is only

required from a person who has a record of conviction or of forfeiture of bail and has had his driver's license suspended or revoked.

Section 31-303, W.S.1957, provides that required proof of financial responsibility *may* be given by filing the certificate provided for in § 31-304, W.S.1957. Section 31-304 says such proof may be furnished by filing with the superintendent the written certificate of any insurance carrier duly authorized to do business in this State, certifying there is in effect a motor vehicle liability policy *for the person required to furnish proof of financial responsibility*, giving the effective date of the policy, which date shall be the same as the effective date of the certificate, and explicitly describing all motor vehicles covered unless the policy is issued to a person who is not the owner of a motor vehicle.

Another section of our laws having pertinence is § 31-306, W.S.1957, as amended by S.L. of Wyoming, 1961, ch. 165, § 3 [§ 31-306, 1965 Cum.Supp.]. This section defines the contemplated "Motor vehicle liability policy" to mean an owner's or an operator's policy of liability insurance which shall designate by explicit description all motor vehicles to which coverage is thereby granted and insure any other person using such motor vehicle with the *express or implied permission* of the named insured.

Also we note that insofar as the record indicates, SR 21 was intended to comply with amended § 31-289, W.S.1957, subsection C [§ 31-289, 1965 Cum.Supp.].

Reading these statutes together, respecting the propriety of receiving or rejecting the instrument referred to as SR 21, we conclude that proof of financial responsibility under the Act is required only in cases where the Superintendent of motor vehicle division has received record of conviction or forfeiture of bail of a person and has suspended or revoked that person's driver's license or where the owner of the vehicle is involved in an accident or where a person involved in an accident is using a motor vehicle of another person *with permission of the owner*. Neither

such circumstance is shown by the record to be the fact here.

Additionally, Allied calls attention to § 31–229, W.S.1957, the relevant substance of which is that all accident reports and supplemental information filed in connection with the administration of the laws of this State relating to the deposit of security or proof of financial responsibility shall be confidential and not open to general public inspection and that no report or information mentioned in the section shall be used as evidence in any trial, civil or criminal, arising out of an accident. Furthermore, § 31–295, W.S.1957, specifically says the security filed shall not be referred to in any way at the trial of any action at law to recover damages.

"Defendant's Exhibit (Farm Bureau) A" is as follows:

**SR 21**

**NOTICE OF POLICY UNDER**

**SECTION 5 OF WYOMING MOTOR VEHICLE SAFETY RESPONSIBILITY ACT**

Date of accident _____ Place of accident _____

Description of Vehicle Involved in Accident

(Description of vehicle not required if Operator's Policy)

| Year of Model | Trade Name | Model | Body Type | Serial No. | Motor No. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Vehicle operated by _____

Name       Address

and owned by _____

Name       Address

The company signatory hereto gives notice that its policy numbered _____

issued to _____

Name       Address

is an automobile liability policy affording limits of $10,000/$20,000 bodily injury and $5,000 property damage, which policy was in effect on the date of the above described accident.

Does this policy apply to the above owner?   Yes ☐   No ☐

Does this policy apply to the above operator?   Yes ☐   No ☐

Name of Insurance Company

Date _____ by _____

Signature of Authorized Representative Must Be Signed In Ink Or Not Acceptable

WC 2749B       Fill In Information on Reverse Side

Mail both original and copy to:

Motor Vehicle Division, Wyoming Department of Revenue

Cheyenne, Wyoming

DEFENDANT'S EXHIBIT (FARM BUREAU) A

LIST DRIVERS OF ANY OTHER VEHICLES INVOLVED IN THE ACCIDENT

_____

Driver       Address

_____

Driver       Address

434 P.2d—33

We justifiably assume this is the SR 21 which was excluded by the court, so even if admitted it would not have materially affected any finding of fact or conclusion of law made by the trial court.

In addition to what has already been said with respect to SR 21, we find no statutory requirement for supplying all of the information thereon indicated, especially with respect to the questions, "Does this policy apply to the above owner?" and "Does this policy apply to the above operator?"

Under the provisions of § 31–304, W.S.1957, the *filing* of the insurance company certificate is permissive and optional, and seemingly is to be made by the owner and *not* by the insurance company; and the provisions of § 31–289, W.S.1957 (1965 Cum.Supp.) do not apply if the owner of the vehicle involved in the accident had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident. So again, there is imposed no duty upon the insurer to make any showing as to insurance coverage. In consequence, neither of these statutes requires the insuring company to *file* the permitted certificate. There is no requirement in our laws that the certificate contain any *opinion or conclusion* of the insurance company or its authorized agent to the effect that the policy *applies* to either the named owner or operator of the described vehicle.

Neither from the record nor from Farm Bureau Exhibit A are we able to ascertain who, if anyone, signed SR 21, as no signature appears thereon, and we also note that a clause of Allied's policy expressly provides:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

The record does not contain any such endorsement.

It would indeed be a strange and even an unconscionable requirement if insurance companies should be held liable because of the myriad opinions and unauthorized interpretations which might be given by any one of the thousands of insurance agents employed by insurers to sell their policies.

The only offer of proof made was that "a form SR–21 was filed on behalf of the insured Ronald Stevenson and on behalf of the insured Larry C. Johnson on the date of July 27 after the accident report was taken in that office by Mrs. Roum." This offer of proof was properly rejected by the trial court.

Appellant asserts that § 31–295, W.S.1957, prohibiting reference being made to required reports is only applicable in actions to recover damages but that the prohibition is inapplicable in a declaratory judgment action. Inasmuch as a finding that a questioned policy provides insurance coverage is an important facet to the recovery of damages in a negligence action, we fail to see the merit of this contention. In fact, in this case, this is doubly apparent because, as appellant points out, the insurance company which is sought to be charged was a party to the suit and if held to have provided coverage to May and Stevenson it would be subjected to liability if any negligence by a covered party were shown.

Appellant attempts to draw a favorable inference from § 31–306, which restricts cancellation or annulment of insurance policies by agreement between the insurance carrier and the insured, *after* the occurrence of injury or damage. This statute says (§ 31–306(f) 1.), "no statement made by the insured or on his behalf * * shall defeat or void said policy." Therefore, it would be anomalous to hold statements, i. e., reports, made after injury or

515

damage, could vary or enlarge the coverage provided by the insurance contract.

Behringer v. State Farm Mutual Auto. Ins. Co., 275 Wis. 586, 82 N.W.2d 915, might be considered as supporting appellant's position. However, the views expressed in that case have been criticized by other courts and the Wisconsin statute in force at the time of the decision was so amended by the legislature of that state as to nullify the decision. The better authority which we follow is voiced in such cases as Seaford v. Nationwide Mutual Insurance Company, 253 N.C. 719, 117 S.E. 2d 733, 737, 85 A.L.R.2d 496; and Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, D.C., 102 F.Supp. 214.

Appellant's claim of error because Mrs. Roum's report to her company was refused admission in evidence is sufficiently refuted by the fact she was present and available as a witness at the hearing. 20 Am.Jur., Evidence, § 556, p. 467, and authorities there noted. See also 29 Am.Jur.2d, Evidence, § 600, p. 655.

It is further contended that appellant's policy does not cover the operation by May or Stevenson of Johnson's truck. This position, however, is based upon the erroneous assumption that Johnson furnished his truck to May or his "alter ego" May Construction Company. In consequence, appellant's argument on this score is ineffective and disposed of hereinabove.

Similarly, appellant's insistence that it was Johnson's unfulfilled burden to show the vehicle was not furnished or supplied May for his regular use is answered by our conclusions respecting the restrictive nature of the permission given May by Johnson.

The same is true with respect to appellant's insistence that the Johnson truck was furnished May and his employees for regular use.

The argument concerning the relative liabilities of Allied and Farm Bureau becomes moot under our holding that there is no liability under the Allied policy, and that there is liability under the Farm Bureau policy.

The final point raised by appellant is that the trial court's adoption of findings of fact and conclusions of law, while not improper, nonetheless is not correct. Although we do not disagree with the statement in 2B, Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.) § 1124, pp. 491, 492 (1961), that a judge must not surrender to counsel the important function of making findings of fact and conclusions of law, if the court sees fit to adopt such suggestions, even verbatim, they become those of the court and not merely pro forma or mechanical decisions.

For the reasons herein stated, the findings, conclusions, and judgment of the lower court are affirmed.

Affirmed.

PARKER, J., concurs in the result.