CARPENTER *v.* ALBERTO CULVER CO.

1. PRODUCTS LIABILITY—EXPRESS WARRANTY—OPINION—KNOWLEDGE.

To determine whether a statement of the seller constitutes a warranty, it is important to consider whether the seller in the statement assumes to assert a fact of which the buyer is ignorant or whether the seller merely states an opinion or judgment upon a matter of which the seller has no special knowledge and on which the buyer may be expected also to have an opinion and to exercise his judgment.

2. PRODUCTS LIABILITY—EXPRESS WARRANTY—SELLER'S OPINION.

Representations which merely express the seller's opinion, belief, judgment, or estimate do not constitute a warranty.

3. PRODUCTS LIABILITY—EXPRESS WARRANTY—SELLER'S OPINION—HAIR-DYEING PRODUCT.

An express warranty as to a hair-dyeing product was not made where a sales clerk stated that several of her friends had used the product, that she had used it with good results, and that the plaintiff would get very fine results, where the plaintiff, before the statements had been made, was looking at various hair-dyeing products, of which there were more than 20, and where cautionary instructions, warning against possible adverse reaction, were printed on both the box and the bottle containing the dye.

4. DEPOSITIONS—WAIVER OF IRREGULARITIES—TIMELY NOTICE.

All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice (GCR 1963, 308.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 47 Am Jur, Sales §§ 883–890.
[4–6] 23 Am Jur 2d, Depositions and Discovery §§ 37, 139.

5. Depositions — Waiver of Iregularities — Timely Notice — Court Rules — Purpose.

    Purpose of court rule, providing that all technical defects in the notice for taking a deposition are waived unless a timely notice of objection, is to give the person in error an opportunity to correct curable mistakes promptly, while witnesses and attorneys are available, and to prevent the waste of time and money on needless interruptions during the taking of the deposition to obtain rulings on other matters (GCR 1963, 308.1).

6. Depositions—Waiver of Irregularities—Timely Notice.

    Plaintiff's failure to make objection to the notice for taking a deposition until the time of trial constituted a waiver of all irregularities in the notice (GCR 1963, 308.1).

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 15, 1970 at Marquette. (Docket No. 7,039.)   Decided December 3, 1970.

Complaint by Myrtle Carpenter against Alberto Culver Company and William H. Gardner and A. J. Janis, doing business as City Drug Store, for damages for injuries from a hair-dyeing product.   Judgment of no cause of action for defendants.   Plaintiff appeals.   Affirmed.

*Wisti, Jaaskelainen & Bourland,* for plaintiff.

*Humphrey & Weis,* for defendant Alberto Culver Company.

*Messner, LaBine & Vairo,* for defendants Gardner and Janis.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM.   This is a damage suit brought
against the above named defendants, arising from
personal injuries claimed to have been caused by
a hair-dyeing product manufactured by defendant
Alberto Culver Company, and sold to plaintiff by
defendants Gardner and Janis, doing business as
City Drug Store.   After a jury trial in circuit court,
a verdict of no cause of action was found and judg-
ment was entered accordingly.   Plaintiff's suit
charged negligence and breaches of implied and ex-
press warranties.   The trial judge refused to submit
the count of express warranty to the jury, and from
this, plaintiff appeals.

This Court confines itself to the question of any
express warranty made by the City Drug Store;
since plaintiff makes no argument as to the liability
of defendant, Alberto Culver Company, this issue
is deemed to be abandoned.

Plaintiff entered defendants' drugstore with the
intention of purchasing a hair dye; while she was
viewing the various hair-dyeing products, of which
there were more than 20, she was offered assistance
by one of the sales clerks in the store.   Plaintiff
claims the clerk indicated that several of her friends
had used the hair-dyeing product in question, and
that her own hair came out "very nice" and "very
natural."   Plaintiff also testified that the clerk told
her she "would get very fine results."   This Court
notes that evidence establishes that both the pack-
age containing the solution and the bottle had cau-
tionary instructions[1] regarding the product.

Plaintiff claims that no instructions were enclosed
and that she called the store for such instructions.

[1] "This product contains ingredients which may cause a skin irrita-
tion on certain individuals.   A preliminary test according to the
enclosed directions should first be made.   Do not use for dyeing the
eyelashes or eyebrows; to do so may cause blindness.   Read enclosed
directions carefully before using."

She did not inquire in regard to taking a preliminary test (commonly known as a "patch" test), as she was admittedly familiar with the necessity for so doing. Plaintiff contends that she performed such a patch test and alleges that there was no adverse reaction prior to the product's use. Plaintiff ultimately used the product and suffered an adverse skin reaction.

Testimony was introduced at trial which indicated that plaintiff had, on at least one previous occasion, used a hair coloring product (although not this one) and had also suffered an adverse reaction to it. No mention was made to the sales clerk at the time of the purchase concerning this previous adverse reaction, or at the time the plaintiff called the drugstore.

In determining whether a statement of the seller is to be deemed a warranty, it is important to consider whether in the statement the seller assumes to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the seller has no special knowledge and on which the buyer may be expected also to have an opinion and to exercise his judgment. Representations which merely express the seller's opinion, belief, judgment, or estimate do not constitute a warranty. 67 ALR2d 619, § 2, p 625.

In the instant case, from all the factual evidence, we cannot agree that such statements made by the retail seller[2] can be considered that of express war-

---

[2] "(1) Express warranties by the seller are created as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

\* \* \*

"(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not

ranty for use by this plaintiff.  From the context
in which such statements were made, coupled with
the cautionary instructions printed on both the
bottle and the box, warning against possible adverse
reaction, nothing more existed than an implied war-
ranty that the product was reasonably fit for use
as a hair dye.   2 Frumer & Friedman, Products
Liability, § 16.04[4]; Anno: 67 ALR2d 619; Anno:
17 ALR3d 1010; *Olin Mathieson Chemical Corp.* v.
*Moushon* (1968), 93 Ill App 2d 280 (235 NE2d 263);
See *Hayes Construction Co.* v. *Silverthorn* (1955),
343 Mich 421; but see also *Graham* v. *Jordan Marsh
Co.* (1946), 319 Mass 690 (67 NE2d 404); *Kaufman* v.
*Katz* (1959), 356 Mich 354.  Plaintiff did not present
sufficient evidence from which a jury could have
inferred an express warranty and a breach thereof.

Plaintiff's next contention of error concerns the
erroneous admission into evidence of a deposition,
inasmuch as such deposition was allegedly taken
without reasonable notice to plaintiff's attorneys,
who were unable to cross-examine the deponent.
GCR 1963, 308.1 provides that "all errors and ir-
regularities in the notice for taking a deposition are
waived unless written objection is promptly served
upon the party giving the notice."  The basic prin-
ciple of the rule is that objections, to be curable for
technical defects, must be made promptly or be lost.
Enforcement of this principle will give the person
in error an opportunity to correct curable mistakes
promptly, while witnesses and attorneys are at
hand, thereby saving the time and expense of a
motion to suppress and having to cure technical
defects long after the fact.  It will also prevent the
waste of time and money on needless interruptions
to obtain rulings on other matters during the course

---

create a warranty."  Uniform Commercial Code, MCLA § 440.2313
(Stat Ann 1964 Rev § 19.2313).

of taking the deposition which might better await the time of trial.

In the case cited by plaintiff, *Drosdowski* v. *Order of Chosen Friends* (1897), 114 Mich 178, the party opposing the deposition made proper objection before trial. There is no question in the instant case that plaintiff received notice of the taking of the deposition; plaintiff urges that the notice was unreasonable and that there was a short period of time between the notice of and the actual taking of the deposition. However, plaintiff made no objection until trial, and her failure to make objection sooner constitutes a waiver.

Affirmed. Costs to appellees.