Harold H. Hymes, J.
The plaintiff is a manufacturer of equipment for ice skating rinks. It publishes a ‘ * Purchasing Guide” in which items for sale are described and illustrated.
The defendant, the City of Utica, maintains an outdoor skating rink. At its request, the plaintiff forwarded a copy of the “Purchasing Guide” to the defendant. Through its purchasing agent, the defendant submitted an order for a resurfacing tank and five scrapers. Upon their arrival at the city skating rink, the packages were opened, examined, and were found by the manager of the skating rink not to be in accordance with what he had ordered. The plaintiff was so notified and the items were returned by the defendant, but the plaintiff refused delivery.
The resurfacing tank was a steel triangular tank placed on a carriage with rubber wheels. There was a pushing handle at one end and a water-release handle on top of the tank. As the tank was pushed over the ice, water was released from the tank onto a blade of cloth or rubber extending horizontally across the front of the tank at ice level so that a thin film of water was deposited upon the ice, creating a smooth surface. The description in the plaintiff’s brochure gave the dimensions of the tank and stated that special sizes were made to order. There was no other word description. However, there was an illustration which showed a resurfacing tank with a water-release handle near the pushing bar and a blade in front of the tank which extended considerably beyond the width of the tank. The price was written in ink as being $349.50, and the item was identified as No. 265.
When the item was ordered by the Department of Purchase, it described the unit in the exact terms as set forth in the description in the “Purchasing Guide”. However, the item that was delivered did not match the illustration in two important respects. The waterrrelease handle at the top of1 the tank, by which the operator of the machine could control the flow of water onto the ice, was located beyond the reach of the person pushing the tank. This would necessitate stopping the movement of the tank in order to operate the release handle. Also, the blade near the surface of the ice was only as long as the width of the water tank. The illustration showed a blade that extended considerably beyond the width of the tank. The defendant’s witness testified that he already had in use at the skating rink, resurfacing tanks which matched the illustration, but that the tank that was delivered did not match the illustration. It was too narrow and inconvenient for efficient use at the skating rink.
*943 The second item ordered by the defendant was five 36-inch scrapers. In the plaintiff’s catalogue, the scrapers had no catalogue number, but were described as ‘1 top quality aluminum ”. An illustration showed a concave blade attached to a handle supported by two angle irons. The price in the catalogue for the 36-inch scraper was $32. Upon receiving the scrapers, the defendant’s agent inspected them and found that they were not as illustrated. The blade was flat instead of concave, and the handle had no supporting angle irons. When one of the scrapers was used, it broke almost immediately.
The order did not specify the cost of each item, but the total cost was set at “Approx. $575.00”. The actual prices quoted in the catalogue would bring the total of the items ordered to only $509.50. But the plaintiff has consistently billed the defendant for the total amount of $575. The plaintiff’s witness offers no logical explanation for the discrepancy between the catalogue prices and the amount demanded.
The plaintiff has asserted that the items delivered were the items ordered. At the same time, the genral manager for the plaintiff admitted on the stand that they varied from the illustrations. He claimed that the items delivered were new and improved models.
However, it is apparent from the testimony, that the items delivered were not in accordance with the descriptions contained in the catalogue. Under these circumstances, the plaintiff cannot recover a judgment against the defendant.
Both the common law and the Uniform Commercial Code state that there is an express warranty that the goods shall conform to the description.
In White v. Miller (71 N. Y. 118, 129) the court said, “ The doctrine that a bargain and sale of a chattel of a particular description imports a contract or warranty that the article sold is of that description, is sustained by a great weight of judicial authority. * * * The case of Hawkins v. Pemberton (51 N. Y., 198), adopts, as the law in this State, the doctrine upon this subject now prevailing elsewhere, that a sale of a chattel by a particular description, is a warranty that the article sold is of the kind specified ”.
Section 2-313 (subd. [1], par. [b]) of the Uniform Commercial Code states, “ Any description of the goods which is made part of the basis of .the bargain creates an express warranty that the goods shall conform to the description.”
Most of the cases have involved the word description of merchandise. However, there has been an increased use of *944 illustrated catalogues and brochures by businesses in search of trade. The traveling salesman has been replaced by the catalogue. Multi-colored catalogues are thrust upon the public as invitations to purchase. Description by words is limited, but drawings, photographs and blueprints are profusely used to guide and entice the purchaser. It is axiomatic that “ a picture is worth a thousand words ”, The description of goods set forth in the Uniform Commercial Code certainly covers illustrations as well as words.
‘1 A description need not be by words. Technical specifications, blueprints and the like can afford more exact description than mere language and if made part of the basis of the bargain goods must conform with them ”. (McKinney’s Cons. Laws of N. Y., Book 62½, Uniform Commercial Code, § 2-313, Official Comment, Point 5; 51 N. Y. Jur., Sales, § 163.)
The plaintiff could have relieved itself of the responsibility of delivering items in conformity with the illustrations in its “ Purchasing Guide ” by merely indicating that the items were “Not As Illustrated”. It failed to give the buyer any such warning. It is therefore bound by the warranty to deliver the goods according to the descriptions and illustrations.
Judgment is granted to the defendant dismissing the complaint.