Brian P. **GARRIFFA** and Marla J. **Garriffa, Appellants (Defendants),**

v.

James M. **TAYLOR** and Cathryn Taylor, **Appellees (Plaintiffs).**

No. 83–105.

Supreme Court of Wyoming.

Feb. 3, 1984.

Hardy H. Tate, Sheridan, for appellants.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from an action to recover damages for breach of an express warranty. Judgment was entered in favor of plaintiffs-appellees in the amount of $1,650, the cost of installing a septic tank, plus court costs, for a total judgment of $1,692.75.

We will reverse.

FACTS

The appellants sold a house to the appellees. Approximately nineteen months after appellees had moved into the house, they replaced the septic tank and sent the bill for the cost of replacement to appellants with a request for payment. Appellants refused payment and this suit was initiated.

Appellants had lived in the house for five years prior to the time of sale. Prior to that time, appellant, Marla Garriffa, had lived in the house for ten years with her parents, the previous owners. The house was at least forty years old. The preprinted real estate listing form had a category entitled sewerage. Above this the real estate agent had typed "Septic." These forms are prepared from information provided by the sellers. While the appellees were looking at the property, Mrs. Taylor asked Mrs. Garriffa where the septic tank was located. Mrs. Garriffa indicated that the tank was located north of the house. Mrs. Taylor also asked Mrs. Garriffa if the tank had been pumped; Mrs. Garriffa replied that they had not pumped the tank but that they had used chemicals to keep the system working properly. Appellees testified that there were some problems

with the sewerage system several months after they moved into the house, but nothing was done.

Nineteen months after taking possession and occupying the house, the appellees contacted a septic tank sales and service company to pump the tank. When they dug into the area north of the house, they did not find a septic tank. However, they found two pipes running out of the house. At the end of the pipes appellees testified that there was an accumulation of rocks, dirt, and debris. The appellees then employed a contractor who installed a new septic tank. Appellees did not notify appellants concerning any of this until after the installation of the septic tank. They then forwarded them the bill, which appellants refused to pay. Appellees contend that there was an express warranty by the appellants that the property had a septic sewer system and that this warranty was breached because no septic system existed. Therefore, they contend that appellants are liable for the cost of installing the septic tank.

Appellants raised several issues for review, however, we need only address one to dispose of this case—whether or not there was an express promise or warranty enforceable against the appellants regarding the existence and durability of a septic system.

■ Contracts for the sale and purchase of land may include an express warranty on the sellers' part as to the physical quality or condition of the property. " * * * It has been held that such an express warranty of quality is governed by the commonlaw principles applicable to warranties of quality in the sale of goods. * * * " 77 Am.Jur.2d Vendor and Purchaser § 336. An express warranty is created by any affirmation of fact made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain. 67 Am.Jur.2d Sales § 442. The primary question is whether there were any affirmations of fact or promises which amounted to an express warranty or whether the representations were merely opinions. *General Supply and Equipment Co., Inc. v. Phillips*, Tex.Civ.App., 490 S.W.2d 913 (1972). The standard generally used is that:

" * * * [W]hen a seller asserts a fact of which the buyer is ignorant, and the buyer relies on the assertion, the seller makes an express warranty; but, when the seller merely states his opinion or his judgment upon a matter of which the seller has no special knowledge, * * * then the seller's statement does not constitute an express warranty. * * * " *Lovington Cattle Feeders, Inc. v. Abbott Lab.*, 97 N.M. 564, 642 P.2d 167, 170 (1982). See also, *Scovil v. Chilcoat*, Okl., 424 P.2d 87 (1967).

■ In order for an express warranty to exist, there must be some positive and unequivocal statement concerning the thing sold which is relied upon by the buyer and which is understood to be an assertion concerning the items sold and not an opinion. *Maupin v. Nutrena Mills, Inc.*, Okl., 385 P.2d 504 (1963). A representation which expresses the seller's opinion, belief, judgment, or estimate does not constitute an express warranty. *Scheirman v. Coulter*, Okl., 624 P.2d 70 (1980). It is important to consider whether the seller asserts a fact about which the buyer is ignorant or whether he merely states an opinion or judgment upon a matter of which the seller has no special knowledge and upon which the buyer might be expected to have an opinion or to exercise his own judgment. *Carpenter v. Alberto Culver Co.,* 28 Mich. App. 399, 184 N.W.2d 547 (1970). All the circumstances surrounding a sale are to be considered in determining whether there was an express warranty or merely an expression of opinion. *Lovington Cattle Feeders, Inc. v. Abbott Lab, supra; Price Brothers Co. v. Philadelphia Gear Corp.*, 649 F.2d 416 (6th Cir.1981), cert. denied 454 U.S. 1099, 102 S.Ct. 674, 70 L.Ed.2d 641.

■ The question of whether an express warranty exists is for the trier of fact. *Scheirman v. Coulter*, supra. In

the absence of special findings of facts, the reviewing court must consider that the judgment carries with it every finding of fact which is supported by the evidence. *Hendrickson v. Heinze*, Wyo., 541 P.2d 1133, 1135 (1975). However, where nonconflicting evidence admits of only one conclusion, a contrary conclusion cannot stand. *Wyoming Farm Bureau Mutual Ins. Co. v. May*, Wyo., 434 P.2d 507 (1967).

■ In this case there is not a conflict in evidence; therefore, we must look at the undisputed facts in relation to the requirements necessary for an express warranty. There was uncontradicted testimony by the real estate agent that the phrase, "Septic" on the real estate listing agreement is interpreted as meaning that it does not have city sewer, "[i]t has some sort of a septic system." There was also testimony by appellee that appellant had stated that there was a septic system located north of the house and that they had not had any difficulty with the system. There was no testimony presented that they had had problems with the system, knew of any present difficulties, or that they had information which they did not disclose. Appellee testified concerning the septic system:

"Q. (By Mr. Tate) You said on your direct examination you didn't look at the system when you bought it; is that correct?

"A. We looked at what we could see.

"Q. You can't look at a sewage system when you buy an old house.

"A. That's true.

"Q. It would be pretty impractical.

"A. That's right.

"Q. And if the Garriffas never dug that system up, they really wouldn't know what was under there themselves either.

"A. They wouldn't know what was under the ground, no."

We do not find that these statements were sufficient to form an express warranty concerning the septic sewerage system. The house was at least forty years old. Appellants stated that they had never had any problem with the septic system and that the tank had not been pumped. There was no testimony contradicting these statements. The statements were very general. They related to appellants' experience in the house. Appellants were not dealers of septic systems, nor were they people who had a special knowledge about these matters. *Guess v. Lorenz*, Mo.App., 612 S.W.2d 831 (1981). Representations of fact which are capable of determination are warranties, but the mere expression of an opinion is not. *Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 521 P.2d 281 (1974).

■ We find that these statements merely expressed the sellers' opinions and beliefs concerning the septic system and did not constitute an express warranty. If both parties are free from fault, there is no compelling reason to require the seller, instead of the purchaser, to bear the loss. *Cook v. Salishan Properties, Inc.*, 279 Or. 333, 569 P.2d 1033 (1977). Appellees purchased a forty-year-old house not connected to the city sewer. Sewage was moved from the house by a septic system installed forty years earlier. What kind of system was installed forty years earlier we do not know. We do know that these systems do not last forever. When, more than a year after purchase of the house, this system did not function as expected, appellees, without demand or notice to appellants, employed a contractor of their choice and installed a new septic tank. They now ask that appellants be required to pay for that new septic tank. That was not their bargain. Because appellants' statements did not constitute an express warranty, we will reverse with instructions to the trial court to enter a judgment in accordance with this opinion.