Donald STEFL, Plaintiff/Appellant,

v.

MEDTRONIC, INC.,
Defendant/Respondent.

No. 68267.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 1996.

Gerald M. Dunne, P.C., St. Louis, for appellant.

John B. Kinsella, Coburn & Croft, St. Louis, John W. Bell, Charles W. Planek, Johnson & Bell, Ltd., Chicago, Illinois, for respondent.

PUDLOWSKI, Judge.

This is an appeal from the trial court's entry of summary judgment in favor of respondent Medtronic, Inc. Although the trial court incorrectly declared the law in holding that all claims raised in appellant's petition were preempted by the Medical Device Amendments (MDA) to the Federal Food, Drug and Cosmetics Act (FDCA), we find that summary judgment was nonetheless cor-

rectly entered, and affirm the trial court's order.

The facts of this case are undisputed for purposes of this appeal.[1] On March 3, 1988, appellant Donald Stefl had a 7420 Multi–Programmable Neurological Pulse Generator (the device), which is manufactured and marketed by respondent and which is regulated by the Food and Drug Administration (FDA) under the MDA as a Class III medical device, surgically implanted in his thoracic spine. After having been admitted to the hospital for the operation, but prior to the actual surgery, appellant had a conversation with one of respondent's representatives wherein the representative told appellant that the device's past results had been excellent. After appellant's surgery, it was discovered that the device was not only ineffective in relieving appellant's back pain, but that the device was experiencing mechanical failure and was not operating at all. The instant lawsuit was subsequently filed.

■ Although appellant's petition is rather muddled, it is at least clear that it alleges two counts. The first count advances a products liability theory while count two asserts breach of warranty. As respondent contended, the trial court accepted, as appellant eventually conceded, and we now confirm, the MDA preempts tort claims based on theories of negligent design or manufacture of a product (as well as inadequate labelling or warnings) when the product at issue is a medical device regulated by the FDCA. *King v. Collagen Corp.*, 983 F.2d 1130, 1135–36 (1st Cir.1993); *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 17–19 (1st Cir.1994). Appellant later tried to re-introduce a tort claim into the lawsuit by amending his petition to allege failure to calibrate the device and failure to correctly test and install it, but he did so without leave of the trial court. The trial court dismissed these amended allegations, and appellant does not contest this dismissal, so these attempted amendments are not before this court.

Thus, all that remains of appellant's lawsuit is his nebulous "breach of warranty"

count. Missouri law recognizes causes of action for breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. *See* RSMo 400.2–313 through 400.2–315 (1993). Appellant's petition does not specify which warranty was allegedly breached by respondent, though appellant has conceded to both the trial court and this court at oral argument that any claim for breach of an express warranty found in the device's packaging or labelling would be preempted.

■ When reviewing a summary judgment, we review the record, including the pleadings, in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). Therefore, we will treat appellant's petition as urging all possible breach of warranty theories except those which appellant has specifically abandoned.

### Preemption

The implied warranty theories would seem to provide the most appropriate channel for appellant to obtain his remedy, since his complaint is not merely that the device failed to relieve his pain, but that the device did not operate as it was designed. The trial court ruled that appellant's breach of warranty theories were preempted by the MDA along with his tort claim.

Section 360k(a) of the MDA, an express preemption provision, preempts any state or local requirement which is "different from or in addition to any requirement applicable under this Act to the device and which relates to the safety and effectiveness of the device or any other matter included in a requirement applicable to the device under this Act." However, this preemption provision does not apply to claims arising from the use of a device unless the FDA has promulgated "specific counterpart regulations or other specific requirements" for that device.

1. Respondent's motion to strike appellant's statement of facts is denied.

*See* 21 C.F.R. 808.1(d); *Oja v. Howmedica,* 848 F.Supp 905, 906–07 (D.Colo.1994). Yet, it has been held that the requirements imposed by FDA during its premarket approval process constitute such "specific requirements." *Martello v. Ciba Vision Corp.,* 42 F.3d 1167, 1169 (8th Cir.1994). It is undisputed that the device at issue in this case was approved pursuant to FDA's premarket approval process.

■ State common law tort claims constitute "state law requirements" within the meaning of the MDA. *Gile v. Optical Radiation Corp.,* 22 F.3d 540, 542–43 (3rd Cir. 1994). The implied warranties of merchantability and fitness for a particular purpose are imposed on contracts by state law. *King* at 1135. Therefore, a claim for breach of either implied warranty seeks to impose a state law requirement, and since such requirements are necessarily "different from or in addition to" the requirements of the MDA, § 360k(a) preempts claims based on implied warranty theories. *Id.*

This is not necessarily so in the case of all express warranties, however. As the U.S. Supreme Court instructed in *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 524–28, 112 S.Ct. 2608, 2622–23, 120 L.Ed.2d 407 (1992), express warranties are not imposed by state law but rather by the party making the warranty. Numerous courts have distinguished *Cipollone* when deciding the preemption issue as it applies to claims for breach of express warranties of medical devices regulated under the MDA. *King* at 1135. *Kemp v. Pfizer,* 851 F.Supp. 269, 272–73 (E.D.Mich.1994). The reasoning found in these cases is that express labelling and packaging warranties of the product at issue in *Cipollone* (cigarettes) were not regulated comprehensively and exhaustively, as is the case with Class III medical devices, so that cigarette manufacturers were free to expressly warrant their product (via labelling) in ways that were unreviewed and unapproved by FDA. Since all labelling and packaging of Class III medical devices must be approved by FDA, these courts have rea-

soned, any breach of warranty claim based on such express warranties is tantamount to a collateral attack on FDA's approval process, and is, therefore, preempted as a state requirement different than and in addition to the MDA requirements.

However, this reasoning is not sustained in the case of express oral warranties, which is what we are confronted with here.

■ The basis of appellant's express warranty claim is the statement made by respondent's representative, that the device's results were "excellent." The FDA has not endeavored to regulate (and has not approved) medical device manufacturers' oral warranties of their products. It is clear that this oral warranty was imposed by respondent without review or approval by the FDA and that recognition of this claim in state court does not tread on FDA's exclusive domain, so that under *Cipollone* appellant's claim for breach of an express oral warranty is not a state requirement which is preempted.

### Failure to State a Claim

■ Even though the trial court erred in holding that express oral warranties are state requirements which are preempted by the MDA, we will affirm the summary judgment in favor of respondent if it was correct on any ground. *ITT Commercial Finance,* at 387–88. Respondent contends that since every potential avenue of recovery open to appellant has been closed except for appellant's express oral warranty claim, and that because, on the undisputed facts in the record, no claim for breach of express warranty has been stated, the trial court's holding must be affirmed.

■ To state a claim for breach of an express warranty, a plaintiff must plead six elements. They are: a) there was a sale of goods, b) the seller made a statement of fact about the kind or quality of those goods, c) the statement of fact was a material factor inducing the buyer to purchase the goods, d) the goods did not conform to that statement

of fact, e) the nonconformity injured the buyer, and f) the buyer notified the seller of the nonconformity in a timely fashion. *Carpenter v. Chrysler Corp.*, 853 S.W.2d 346, 357 (Mo.App.E.D.1993).

■ Respondent suggests that the alleged statement, "the results with this product have been excellent" does not constitute an affirmation of fact about the quality of the product. Respondent apparently means to suggest that the word "excellent" states an opinion rather than a fact. If the statement had been, "this product is excellent" respondent might have a point; but since it is respondent's success rate that is asserted to be excellent, the statement does posit a factual proposition, and the contours of the conclusory terms "excellent" pose a jury question. *See Interco, Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 261 (Mo.App.E.D.1976) (warranty that a floor covering material "will absorb considerable flex" held to be a statement of fact, not opinion.)

■ Respondent also attacks appellant's petition as insufficient in its allegation of damages. Respondent's grievance here seems to be that appellant's petition does not specify how he was damaged by the product; we agree that the petition fails in this regard. But all this means is that appellant has not pleaded and, therefore, cannot recover "special damages." *Moore v. Parks*, 458 S.W.2d 344, 347 (Mo.1970). However, "general damages," or those which follow as the natural and logical consequence of the breach as pleaded, are recoverable even on such skeletal allegations as appellant has mustered. *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 339 (Mo.App.S.D.1991). This is so because, having alleged that the device did not operate, a natural inference arises that appellant has had to bear the costs of removing the device, as well as the attendant pain and suffering. Appellant's petition is not fatally defective for failure to plead damages.

However, the real issue here is there are no facts which indicate the oral warranty has been breached at all, much less that any such breach has caused appellant's injury. For purposes of this appeal, the parties have stipulated that the oral warranty, as recounted by appellant in deposition testimony, was that respondent "has had excellent results with the device." Appellant has neither alleged nor adduced proof that respondent has not had "excellent" results with the device; his sole allegation is that the device failed to operate in his case.

■ The standard under which we review summary judgments mandates that we give the nonmovant the benefit of all reasonable inferences that may be drawn from the evidence. *ITT Commercial Finance* at 376. Accordingly, we understand respondent's assertion, given its context, to mean that there was an excellent chance that appellant would have favorable results from implantation of the device. Furthermore, we believe respondent's oral warranty can be interpreted as containing two components: first, the device would operate in a particular mechanical fashion, and second, when this mechanical operation occurred, there was an excellent chance that appellant would experience pain relief. Thus, it might appear that because the first component of the warranty, as diagrammed, was breached, appellant has indeed stated a claim.

■ But careful consideration exposes the flaw in this reasoning. The issue is the degree of certainty that can be reasonably ascribed to the first component of the warranty as set forth above. In order for this component of the warranty to have been breached, it must be tantamount to an unequivocal guarantee that the device would in fact operate mechanically—that is, there was no chance of a mechanical failure. Respondent's words cannot be distorted to this degree. Were we to characterize the first component of the oral warranty in this manner, we would in effect be importing one or both of the implied warranties into our interpretation of the express oral warranty. This we are constrained to avoid, since implied warranties are requirements imposed by state

law and are, therefore, preempted as explained above.

In light of this analysis, it is apparent that on the record before us, appellant has not stated a claim for breach of an express oral warranty. Since all other claims which appellant asserted are preempted, summary judgment for respondent was proper, and the order of the trial court is affirmed. Appellant's other points of error are without merit.

Judgment affirmed.

AHRENS, P.J., and SIMON, J., concur.

Before REINHARD, P.J., and KAROHL and DOWD, JJ.