Bennie S. ROGERS *v.* MFA
MUTUAL INSURANCE COMPANY

76-196                                    554 S.W. 2d 327

Opinion delivered July 11, 1977
(In Banc)
[Rehearing denied September 19, 1977.]

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* by: *Stephen M. Reasoner,* for appellee.

CONLEY BYRD, Justice. Following the reversal and re-mand in *Rogers* v. *Watkins,* 258 Ark. 394, 525 S.W. 2d 665 (1975), Watkins renewed his action against Judy Sue Rogers and her mother Alma Lowanda Dial. Before the case came on for trial, State Farm Mutual Insurance Company settled the Watkins' claim within its policy limits and dismissed the ac-tion as to all parties. This litigation was then brought by Rogers against MFA Mutual Insurance Company to recover the $2,500 he had been out in attorney's fees. Upon a stipulated record, the trial court ruled in favor of MFA, and Rogers appeals.

The stipulated facts show that appellant and Alma Lowanda Dial were formerly husband and wife and that in the divorce proceedings custody of Judy Sue Rogers was awarded to appellant. By mutual agreement Judy Sue was permitted to visit her mother. On one such visit Judy Sue, a minor, collided with Watkins while driving her mother's automobile which was insured by State Farm. Watkins filed suit against Judy Sue Rogers, Mrs. Dial and appellant Rogers because of his liability under Ark. Stat. Ann. § 75-315 (Supp. 1975). When appellant received the summons he delivered it to the agent for State Farm and also properly notified MFA who had issued to him an automobile liability insurance policy upon his own automobile. Thereafter, neither State Farm nor MFA filed an answer for appellant which resulted in the former litigation in this court, *Rogers* v.

*Watkins, supra.* It is stipulated that Judy Sue was not on a personal or business mission for appellant at the time of the collision.

The policy issued by MFA provides:

## "I—DEFINITIONS

\* \* \*

"(6) 'Non-owned automobile' means any automobile other than (a) the described automobile or (b) an automobile owned in whole or in part by, or furnished or available for regular use of, either the named insured or any resident of the same household.

\* \* \*

## "II—AUTOMOBILE LIABILITY INSURANCE

"1. COVERAGE A — Bodily Injury Liability; COVERAGE B — Property Damage Liability — The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. Bodily injury sustained by any person;

B. Property damage sustained by any person; caused by accident and arising out of the ownership, maintenance, or use of the described automobile or a non-owned automobile, and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation or settlement of any claim or suit that it deems expedient.

\* \* \*

4. Persons Insured — With respect to the in-

surance afforded under Coverages A and B, the following are insureds:

\* \* \*

(b) With respect to a non-owned automobile, (1) the named insured and, if an individual, his spouse, provided his or her actual operation or (if he or she is not operating) the other actual use thereof by the named insured or his spouse is with the permission, or reasonably believed to be with the permission, of the owner of such automobile and is within the scope of such permission, and (2) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of the named insured or his spouse under (b) (1) above."

Appellant does not contend that the policy furnished coverage to Judy Sue but only that the policy furnished coverage to him. To avoid any liability under the policy, MFA states the issue in this language:

"The question presented is whether coverage under the MFA policy insures appellant for a statutory liability, imputed to him, for the alleged negligence of Judy while driving an automobile, owned by his ex-wife, and insured by another company. A comparison of the policy language involved in cases where coverage for imputed liability has been found with the policy language in the MFA policy will show that the answer to the question is in the negative, because the MFA policy requires 'actual use' of the non-owned automobile by the named insured."

Ark. Stat. Ann. § 75-315 (Supp. 1975) provides:

Application of minors for instruction permit or operator's license. — (a) The original application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer

oaths by both the father and mother of applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by other responsible person who is willing to assume the obligations imposed under this act [§§ 75-301 — 75-311, 75-315 — 75-321, 75-324 — 75-348] upon a person signing the application of a minor. For purposes of this act, duly authorized agents of the Commissioner of Revenues shall be authorized to administer oaths without charge.

(b)   Any negligence or wilful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct.

(c)   If any person who is required or authorized by Subsection (a) of this Section to sign the application of a minor in the manner therein provided, shall cause or knowingly cause or permit his child or ward or employee under the age of eighteen (18) years to drive a motor vehicle upon any highway, then any negligence or wilful misconduct of said minor shall be imputed to such person or persons and such person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct.   The provisions of this Subsection shall apply regardless of the fact that a drivers license may or may not have been issued to said minor. For purposes of this act, a minor is hereby defined to be any person who has not attained the age of eighteen (18) years.

(d)   The provisions of this Section shall apply in all civil actions, including but not limited to both actions on behalf of and actions against the person or persons required or authorized by Subsection (a) of this Section to sign the application in the manner therein provided."

We cannot agree with MFA's interpretation of its policy. "Actual use" as used in the policy obviously does not mean that the non-owned automobile must be operated by the named insured — the language of policy provides:

"With respect to a non-owned automobile . . . provided his . . . actual operation *or (if he . . . is not operating)* the other actual use thereof by the named insured . . ." [Emphasis ours.]

Since actual use then must mean something more than operation it becomes ambiguous and subject to the interpretation that it would include that use which is imputed to an individual through what is known in law as vicarious liability. MFA intimates that the policy language is subject to that interpretation by accentuating that Judy Sue was not on a personal mission for her father. Since Ark. Stat. Ann. § 75-315 (Supp. 1975), *supra,* with reference to damages caused by the negligent operation of an automobile by a minor child, places a parent in the position of an actual user of an automobile any time the parent knowingly permits a minor to drive an automobile upon a highway, we must conclude that appellant was a user of the non-owned automobile within the meaning of the policy at the time of the collision with Watkins and that the trial court erred in ruling to the contrary.

MFA also contends that the trial court was correct because its policy provides that "Coverages A and B do not apply to . . . liability assumed by the insured under any agreement." We find no merit to this contention because the liability imposed upon appellant, as a parent having custody of a minor, is by statute and not as the result of any agreement, *Klatt* v. *Zera,* 11 Wis. 2d 415, 105 N.W. 2d 776 (1960).

Since the parties stipulate that the $2,500 paid by appellant to his attorney was reasonable for the services performed, it follows that the trial court should enter a judgment for that amount together with interest, the statutory penalty of 12%, and an attorney's fee in the amount of $1,250 to be taxed in addition to the other costs in the case.

Reversed and remanded.

GEORGE ROSE SMITH, FOGLEMAN and HICKMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree with the majority opinion in this case. No one suggests that Judy Sue Rogers was a named insured or a person insured. Appellee was under no obligation to defend appellant, her father, or to pay the cost of his defense unless the suit was for damages which, under the allegation of the complaint, were payable under the policy. See Paragraph II B. I cannot see how the damages in this case could have been payable under the policy. In order for these damages to have been payable under the policy there must have been actual use of the non-owned automobile by the named insured (appellant) with the permission of the owner. I can agree with the proposition stated in the majority opinion that "actual use" in the policy terms means something more than "actual operation." I cannot conceive of "actual use" being broad enough in scope to cover the use of the automobile by appellant's daughter, a member of appellant's household, when that use was not for the benefit of the insured (appellant). As a matter of fact, there is nothing in the record [even if Ark. Stat. Ann. § 75-315 (Repl. 1957) is of any significance] to indicate that appellant knowingly caused or permitted his daughter to drive her mother's automobile. It was and is important to know that Judy Sue was not on an errand or mission for her father. If she had been, the use would have amounted to "actual use" by the father and vicarious liability would have attached. But not every situation in which there might be statutorily imposed vicarious liability makes the use of a motor vehicle actual use by the one held vicariously liable.

I do not see how the term "actual use" is ambiguous. I certainly do not see how emphasizing the fact that the daughter was not using the vehicle for her father's benefit makes it appear to be ambiguous.

"Actual use" in the context of similar clauses in automobile liability policies refers to the use being made of a vehicle at the time of the incident or occurrence on which the

liability hinges. *Hartford Accident & Indemnity Co.* v. *Peach,* 193 Va. 260, 68 S.E. 2d 520 (1952); *Laroche* v. *Farm Bureau Mutual Automobile Insurance Co.,* 335 Pa. 478, 7 A. 2d 361 (1952); *Messer* v. *American Mutual Liability Insurance Co.,* 193 Tenn. 19, 241 S.W. 2d 856 (1951). It has been said that it can mean nothing else. *Johnson* v. *Maryland Casualty Co.,* 34 F.S. 870 (D.C. Wisc., 1940). The term has been said to mean the "particular use." *Maryland Casualty Co.* v. *Marshbank,* 226 F. 2d 637 (1955); *Conrad* v. *Duffin,* 158 Pa. Super. 305, 44 A. 2d 770 (1945); *Laroche* v. *Farm Bureau Mutual Automobile Insurance Co.,* supra. In such contexts, "actual" has been said to mean in fact and not constructively. *Gronquist* v. *Transit Casualty Co.,* 105 N.J. Super 363, 252 A. 2d 232 (1969). It was aptly said as early as 1949 that the newer and majority rule was that the term meant the use to which the automobile is being put at the time of the accident and the use of the car at the time under consideration. *Gulla* v. *Reynolds,* 151 Ohio St. 147, 85 N.E. 2d 116. In *United Services Auto Ass'n.* v. *United States Fire Insurance Co.,* 36 Cal. App. 3d 765, 111 Cal. Rptr. 595 (1973), hearing denied Feb. 27, 1974, the court said:

> * * * The term "actual use" must be construed to mean "present or active use" or a "use existing in fact or reality" (see definition of "actual," Webster's Third New Internat. Dict.) as distinguished from an imputed or constructive use.

While the policy language here is not identical with that in any of the cited cases, and the issues are not identical, certainly it would be unreasonable to say that "actual use" had a different meaning in different factual situations even though the context in which the term is used is similar. If the accepted definition of "actual use" is applied in this case, there is no way that the actual use could have been by appellant. Thus, there is no way that appellant could have been liable for the damages resulting in this case, and it logically follows that under the terms of this policy, appellee owed him no defense.

I would affirm the judgment.

I am authorized to state that Mr. Justice George Rose Smith and Mr. Justice Hickman join in this opinion.