UNITED SERVICES AUTOMOBILE ASSOCIATION, APPELLANT, v. MILFORD N. CRANDALL, ET AL., RESPONDENTS.

No. 10124

May 9, 1979                                          594 P.2d 704

*Rose, Edwards, Hunt & Pearson, Ltd.,* of Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* of Las Vegas, for Intervenor Pacific Insurance Co.

*Galatz, Earl & Biggar,* of Las Vegas, for some Respondents.

*Steffen & Simmons* and *Robert D. Vannah,* of Las Vegas, for some Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action for declaratory judgment was commenced by United Services Automobile Association against its insured, Milford Crandall and others. U.S.A.A. desired a court declaration that it is not liable under the provisions of an automobile insurance policy issued to Crandall. The facts are not in dispute. The meaning of the insurance policy is.

The district court ruled that U.S.A.A. was obliged to defend Crandall and, to the extent of policy limits, pay any judgment rendered against him. This appeal followed.

Cheryl Crandall, age 16, the daughter of the insured, Milford Crandall, drove an automobile owned by Robert and Phyllis Sherwood without their express permission and, while doing so, was involved in an accident which caused the death of three boys. Before the accident, Milford Crandall had signed as sponsor for Cheryl to obtain a learner's permit. That permit was obtained and was in effect when the accident occurred.

Two policy provisions, the first concerning the scope of the term "use" in Part 1 relating to coverage, and the second regarding permissive use in Part 1 designating the persons insured, present the principal questions for our resolution. We turn to consider them.

1. The policy obligated U.S.A.A. "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . arising out of the . . . use of . . . any non-owned automobile. . . ."

It is the position of U.S.A.A. that the term "use" applies only to Mr. Crandall's use of the automobile, and since he was

not using it coverage does not exist. On the other hand, the respondents contend that coverage is provided for any use which would place a legal obligation on Mr. Crandall, the insured, to pay damages, and that the imputed liability provision of NRS 483.300(2) imposes such an obligation.[1]

Authority elsewhere is split. The cases of Wisdom v. Eagle Star Insurance Co., 27 Cal.Rptr. 599 (Cal.App. 1963), and Osborne v. Security Insurance Company, 318 P.2d 94 (Cal.App. 1957), may be read to support the appellant's contention, while Fazzino v. Insurance Company of North America, 313 P.2d 178 (Cal.App. 1957), and Klatt v. Zera, 105 N.W.2d 776 (Wis. 1960), hold otherwise.

NRS 483.300(2) quoted in footnote 1 places a legal liability upon the insured father, Milford Crandall, for damages caused by the negligence or willful misconduct of his daughter, Cheryl, in driving a motor vehicle. The words of the insurance policy require U.S.A.A. to pay all sums which the insured shall become legally obligated to pay as damages arising out of the use of any non-owned automobile. It is clear to us that such language affords coverage to the insured Milford Crandall for his daughter's negligent use of a non-owned automobile. As to this issue, we are persuaded that Klatt v. Zera, supra, is correct.

2. It is the alternative contention of U.S.A.A. that coverage is not afforded to Milford Crandall since his daughter, Cheryl, was driving a non-owned vehicle without the permission of the owner. In such circumstances, it is asserted that Milford Crandall is not an insured by reason of the section of the policy which states:

> Persons Insured: The following are insureds under Part 1:
>
> . . . .
>
> (b) with respect to a non-owned automobile,
> (1) the named insured,
> (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the

---

[1] NRS 483.300(2): Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.

permission, of the owner and is within the scope of such permission, and . . . .

If the meaning of that policy provision is uncertain, the provision will be construed against the insurer and in favor of the insured. North American Life & Cas. v. Gingrich, 91 Nev. 491, 538 P.2d 163 (1975); Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co., 150 S.E.2d 233 (S.C. 1966). Indeed, the omnibus clause of the policy usually is viewed as extending coverage to additional insureds (that is, to any relative) rather than as limiting the coverage afforded to the named insured. Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co., supra.

With these principles in mind, it is apparent that the words of clause (b)(2) regarding permissive use apply only to "any relative," and do not in any manner limit the coverage afforded the named insured. McMichael v. American Insurance Company, 351 F.2d 665 (8th Cir. 1965); Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co., supra. The district court properly ruled that U.S.A.A. is obliged to defend Milford Crandall, and, to the extent of policy limits, pay any judgment entered against him.

3.  Other assigned errors need not be considered.

Affirmed.

Mowbray, C. J., and Gunderson, Manoukian, and Batjer, JJ., concur.